THE PEOPLE OF THE STATE OF NORTH CAROLINA on the
relation of EMANUEL ADERHOLT *v.* WYLIE L. McKEE.

The Constitution in Article 7, under the head "Municipal Corporations"
provides for the election biennially in each county of a treasurer, re-
gister of deeds, &c., and as there is nothing in that article or any other
to extend the term of office of treasurer elected at the first election in
1868 beyond two years, his term expired in 1870.

The term of office of a treasurer appointed by the board of commission-
ers in a county to fill a vacancy is only that of the unoccupied term of
his precedessor.

This was a case agreed, submitted to his Honor, *Judge
Logan*, at the Fall Term, 1870, of the Superior Court for
the County of GASTON.

It is agreed that at an election for the office of Treasurer
of Gaston County on the 19th day of April, 1868, M. J. Ayd-
lotte was duly elected Treasurer and regularly qualified and
inducted into office; that on the 1st November, 1869, the
said Aydlotte tendered his resignation to the Board of Com-
missioners of said County, which was accepted; that after-
wards, on the same day, the said Board of Commissioners
appointed the defendant to fill the vacancy in said office of
County Treasurer, who gave the bonds required by law, and
was duly inducted into said office; that in compliance with
the law requiring the County Treasurer annually to renew
his official bonds, the defendant tendered to the Commission-
ers elected in August, 1870, good and sufficient bonds which
they refused to accept because they held that his term of
office had expired: that an election for County Treasurer
was held on the 4th of August, 1870, in said County, when
Emanuel Aderholt, the plaintiff, received the largest num-
ber of legal votes, and was declared by the Board of Com-
missioners duly elected Treasurer of said County; that on
the 1st Monday in September, 1870, the plaintiff was regu-
larly qualified and filed his bond as required by law, which

17

bond was approved and accepted by the Board of Commissioners; that on the said 1st Monday of September, 1870, the defendant was the incumbent of the said office by virtue of his appointment as aforesaid, and still is the actual incumbent, claiming that the term of his office is yet unexpired; that plaintiff has duly demanded of the defendant the said office with its effects which the defendant has refused to surrender.

Upon this case agreed, his Honor gave judgment for the defendant, and the plaintiff appealed.

*Attorney General, Shipp,* for the plaintiff.
*Bynum,* for the defendant.

PEARSON, C. J.   The defendant being appointed to fill a vacancy, holds for the unoccupied term of his predecessor.

The Constitution, under the head "Municipal Corporations," Art. 7, provides for the election *biennially* in each County of a Treasurer, Register of Deeds, &c.   No distinction is made in this article, in regard to officers elected at the first election—they fall under the general rule and hold for two years, unless an exception is made in respect to them by some other article.

It is said this result is affected by art. 4, sec. 32.   " The officers elected at the first election under this Constitution shall hold their office for the terms prescribed for them respectively, next ensuing after the next regular election for members of the General Assembly.   But their terms shall begin upon the approval of this Constitution by the Congress of the United States."

It seems clear, that the terms of officers elected at the first election to offices provided for by this article, have an extension, both at the beginning and at the end.

No reason appears, on the face of the instrument, for making the latter extension; yet such is the law, because it

is so written.  This conclusion rests on a dry question of law, as a rule of construction, of the very words of the Constitution—taken literally and strictly.  Of course we are not inclined to extend this strict construction to cases which do not expressly come within its operation.  We hold there is no extension of the terms of the officers elected at the first election under Art. 7, "Municipal Corporations," because in respect to them, it is not so written, and there is no reason for such extension appearing on the face of the Constitution. An examination of the entire instrument shows that the framers intended each article to be exclusive and complete within itself, and the reference made in some to another article, (obviously to avoid a repetition of words,) excludes the idea of any reference by implication of one article to another, on the maxim *" expressio unius exclusio alterius."*

For instance, article 2, "Legislative Department," fixes the number of the members of the General Assembly, term of office, two years—first regular election to be held on the first Thursday in August, 1870, but the first election shall be held when the vote is taken on the ratification of the Constitution, and the General Assembly then elected shall meet on the fifteenth day after the approval of the Constitution—and the members elected at the first election shall hold their seats until their successors are elected at a regular election.  So this article is exclusive and complete within itself.  See opinion of Chief Justice and Justice Dick, given at the request of the General Assembly as to tenure of office, 64 N. C. appendix.

Art. 3.  " Executive Department " fixes the executive officer's term of office four years, to commence on the 1st day of January next, after their election.  Provided that the officers elected at the first election, shall assume the duties of their office ten days after the approval of the Constitution, and shall hold their offices from and after the first day of January, 1869.  So, this Article is exclusive and complete within itself.

Art. 4. "Judicial Department" fixes the officers' term of office. The terms of the officers elected at the first election, to begin upon the approval of the Constitution and to continue for the terms prescribed for them respectively, next ensuing after the next regular election for members of the General Assembly. Thus by an express reference to Art. 3, making this Article exclusive and complete.

Art. 7. "Municipal Corporations" fixes the County officers' terms of office two years, but in no wise, either in direct words or by reference to any other article, is an exception made to the general rule, in respect to officers elected at the first election. Indeed, the idea of an implied reference to Art. 4, sec. 32, is made repugnant by the clause in that section. "But their terms shall begin upon the approval of this Constitution by the Congress of the United States," and the fact that Art. 7 makes no provision for the election of County officers before the approval of the Constitution by Congress.

It would be a strained construction to imply an extention of the terms of municipal officers, either at the beginning or the end, in the absence of any reason for it, appearing on the face of the Constitution, or of express reference to some other article.

We take it, that the words, "by the qualified voters thereof as provided for the election of members of the General Assembly," relates merely to details. But if any other operation be allowed to them it will regulate the terms according to Art. 3, sec. 29, and fix the termination at the next regular election, for members of the General Assembly, on the 1st Thursday in August, 1870.

Judgment reversed, and judgment for plaintiff, as demanded in the complaint.

Per Curiam.                              Judgment reversed.